**Sandra L. MORGAN, Plaintiff,**

v.

**SHARON PENNSYLVANIA BOARD OF EDUCATION a/k/a Sharon City School District, et al., Defendants.**

**Civ. A. No. 77–672.**

United States District Court, W. D. Pennsylvania.

Jan. 5, 1978.

Ronald N. Watzman, Shelley W. Elovitz, Watzman, DeAngelis & Elovitz, Pittsburgh, Pa., for plaintiff.

William G. McConnell, Cusick, Madden, Joyce & McKay, Sharon, Pa., for defendants.

## MEMORANDUM OPINION AND ORDER

TEITELBAUM, District Judge.

*FACTS*

Plaintiff has filed a three count complaint in the instant action.

The first count names the Sharon School District as the defendant and is brought under Title VII of the Civil Rights Act of 1964 and alleges that the plaintiff was a school teacher who became pregnant and due to the existing policy of the School District, was required to and did in fact submit a letter of resignation dated July of 1970,[1] said letter being accepted by the School Board in August of 1970, and the plaintiff further alleges that the letter of resignation was as a result of pressure placed upon her and her family by individual members of the School Board, said members not being specifically named. Plaintiff further alleges that she has made numerous attempts to be reinstated to her teaching position, but does not set forth the dates or the manner in which said attempts were made and alleges that the action of the School District in forcing her to resign in 1970 was in violation of practices made unlawful by Title VII and that the Board's continuing to hire other teachers rather than herself constitutes a continuing act of discrimination in violation of Title VII as well as an action of retaliation against her in violation of Section 704(a) of Title VII.

Under Count Two, the plaintiff asserts an action against the School District, all members of the Board who were such members in the year of 1970, and many of the individual members of the Board who have served since that time up to the present, as well as the Superintendent who was Superintendent at the time of the alleged action and has been such up to the present time. This Count is allegedly maintained under 42 U.S.C. § 1983, with jurisdiction predicated on 28 U.S.C. § 1331 and 28 U.S.C. §§ 1343(3) and 1343(4). It is being alleged under Count Two that the Superintendent and the members of the School Board were acting under color of law, forcing plaintiff to submit her resignation and also in failing to rehire or reinstate plaintiff to her former position.

In Count Three of her complaint, the plaintiff alleges that she is seeking damages and redress under the Pennsylvania Human Relations Act in bringing suit against all parties previously mentioned.

All of the defendants at the present time are represented by the School Board Solicitor.

The defendants have now moved to dismiss Counts One through Three of the complaint, to strike Exhibit C of plaintiff's complaint and to obtain a more definite statement.

*DISCUSSION*

"Motion to Dismiss Count One"

Defendants contend that this Court lacks jurisdiction over the subject matter under Count One because plaintiff has failed to comply with the jurisdictional prerequisites of Title VII.[2] Specifically, defendants challenge the plaintiff's failure to file any charge with the Pennsylvania Human Relations Commission and the failure to file

---

1. The letter of resignation reads in part: I respectfully request that I be considered for employment if a vacancy in the elementary grades should arise. Barring any unforeseen complications, I shall be fully qualified to resume my teaching career in October after having given birth and after having taken a month to adjust and recover from my pregnancy.

2. Under Title VII the plaintiff must first file a charge with the Equal Employment Opportunity Commission (EEOC). It is further provided that in a state which has a law prohibiting unfair employment practices, no charge may be filed with the EEOC until after proceedings have been commenced under state law, unless such proceedings have been earlier terminated. 42 U.S.C. § 2000e–5(c).

Charges must be filed with the EEOC within 180 days of the date of the alleged unfair employment practice, or within 300 days if the plaintiff has filed charges with the appropriate state authority. 42 U.S.C. § 2000e–5(e).

charges with the Equal Employment Opportunity Commission (EEOC) until five years after her resignation.

■ Plaintiff's failure to file charges with the Pennsylvania Human Relations Commission is not fatal to her cause of action. The EEOC follows an accepted practice known as "deferral," whereby premature charges are referred to the appropriate state or local agency, without being considered as "filed" with the EEOC, thereby preventing plaintiffs from losing any rights under Title VII because they mistakenly came to the EEOC first. *Love v. Pullman Co.*, 404 U.S. 522, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972). Plaintiff's charges, filed with the EEOC on February 22, 1975, were not deferred to the Pennsylvania Human Relations Commission because the plaintiff executed a waiver of deferral on April 4, 1975 and as a result the commission waived jurisdiction in accordance with an agreement between the EEOC and itself. By waiving jurisdiction, "such proceedings have been earlier terminated," 42 U.S.C. § 2000e–5(c), thereby validating the EEOC charges.

■ The question of the timeliness of plaintiff's EEOC complaint is the subject of our next inquiry. While plaintiff resigned in 1970, she did not file her complaint with the EEOC until 1975. However, subsequent discriminatory practices following a resignation can provide the jurisdictional basis for an EEOC charge. *Jurinko v. Edwin L. Wiegand Company*, 331 F.Supp. 1184 (W.D.Pa.1971); 477 F.2d 1038 (3d Cir. 1973). In *Jurinko* the Court of Appeals adopted the following statement of this Court:

"The company contends that because the charge was filed with the Commission more than 90 days after the original meeting in June of 1965, it was untimely, and therefore this Court lacks jurisdiction of this action. Section 2000e–5(d) of 42 U.S.C. does provide that charges with the Commission shall be filed within 90 days of the occurrence of the alleged unlawful employment practice. It is [un]clear, however, that the plaintiff's reapplication in June of 1966 represents the occurrence of an alleged unlawful employment practice, and consequently this Court is not without jurisdiction." 331 F.Supp. at 1186, n. 3.

Although Congress has now expanded the time for filing charges to 180 days, the principle of *Jurinko* is still applicable. See *Masco v. United Airlines*, 13 F.E.P. Cases 1549 (W.D.Pa.1976). Accordingly, plaintiff's allegation that her request for reinstatement constitutes the needed unlawful employment practice is sufficient to withstand the present motion to dismiss.[3] *Alleman v. T.R.W., Inc.*, 13 F.E.P. Cases 982 (M.D.Pa.1972).

### "Motion to Dismiss Count Two"

■ In Count Two plaintiff seeks to impose liability upon the defendant, Sharon Pennsylvania Board of Education under 42 U.S.C. § 1983. However, it is well established that a School Board is not a person within the meaning of Section 1983. *Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); *Kenosha v. Bruno*, 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed. 685 (1973); *Smetanka v. Borough of Ambridge, Pa.*, 378 F.Supp. 1366, 1376 (W.D.Pa.1974). Accordingly, Count Two is dismissed as it applies to the defendant Sharon Board of Education.

■ Furthermore, school officials are entitled to a good faith immunity from liability for damages under the Civil Rights Act. However, they would not be immune from such liability if they knew or reasonably should have known that the action they took within their sphere of official responsi-

---

**3.** Although plaintiff has not specifically pleaded the exact date of her request for reinstatement which would have occurred within 180 days of February 22, 1975, it is apparent from her brief that a request of defendant Artac on November 11, 1974 will be the alleged jurisdictional reapplication. The broad notice pleading requirements of the Federal Rules of Civil Procedure do not require that the specific date of the alleged unlawful practice be included in the complaint at the risk of dismissal, although incorporating the specific date would avoid multiplying the complexity of litigation in the form of motions for a more definite statement.

bility would violate constitutional rights. *Wood v. Strickland*, 420 U.S. 308, 95 S.Ct. 992, 43 L.Ed.2d 214 (1975). Based upon the foregoing principle of immunity, defendants urge that both the School Board Members and the Superintendent be dismissed as parties under Count Two.

■ Defendants' position is well taken for several reasons. First, plaintiff has not alleged in her complaint that the action of the Board members or superintendent was made with knowledge or with reason to know that her rights were being violated.

Secondly, the reason for qualified immunity was to protect school board members and administrators who were acting lawfully in their positions. The individual board members are laymen and serve without pay. The type of action filed in this case which seeks to impose liability on all board members and puts them to great expense in retaining legal counsel would be a significant deterrent to prospective members.

Thirdly, the relief which plaintiff desires, reinstatement and/or back pay, is obtainable under the Title VII Count of her complaint. Therefore, no compelling purpose would be served by requiring that board members and the superintendent retain private counsel. By dismissing Count Two as it applies to the individual defendants, community participation on non-compensatory school boards will hopefully be encouraged.

Accordingly, Count Two is dismissed against the individual board members and the superintendent.[4]

"Motion to Dismiss Count Three"

■ Under Count Three of her complaint, the plaintiff seeks damages and redress under the Pennsylvania Human Relations Act, 43 P.S. § 951 *et seq.* For the reasons hereafter stated we decline to exercise pendent jurisdiction over Count Three.

Initially, it must be noted that the relief which plaintiff seeks under state law is the same as that which is available to remedy a Title VII violation. Indeed, *Aldinger v. Howard*, 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976) stands for the proposition that a pendent state claim cannot be used to expand the scope of available federal relief. Since plaintiff can obtain satisfaction of her alleged claim in the form of reinstatement and/or back pay under Title VII, pendent jurisdiction is inappropriate.

Secondly, plaintiff's complaint in the instant action avers that "[t]he charge filed by the plaintiff (with the EEOC) was not deferred to the Pennsylvania Human Relations Commission inasmuch as the plaintiff executed a waiver of deferral on or about the 4th of April, 1975 and as a result thereof the Pennsylvania Human Relations Commission waived jurisdiction in accordance with an agreement between the EEOC and the Pennsylvania Human Relations Commission."[5] We decline to adjudicate a claim under the Pennsylvania Human Relations Act where the plaintiff has explicitly waived her state jurisdictional rights in order to obtain an expedited federal review.

Accordingly, Count Three of plaintiff's complaint is dismissed in its entirety.

"Motion for More Definite Statement and Motion to Strike"

■ Unopposed by plaintiff, defendants' motion for a more definite statement is granted insofar as plaintiff should name the defendants who pressured her to resign and the individuals through whom she sought reinstatement.

■ Defendants' motion to strike Exhibit C of plaintiff's complaint is denied for the reason that said exhibit is relevant to the issue of Title VII jurisdiction.

*CONCLUSION*

In summary, Counts Two and Three of plaintiff's complaint are dismissed in their entirety. Count One remains viable insofar

---

**4.** The argument for dismissing the superintendent is less compelling because he serves as a paid employee. However, the availability of redress under Title VII and the lack of any

allegation regarding bad faith is sufficient to also warrant his dismissal.

**5.** Complaint, pp. 4–5.

as predicated upon a denial of reinstatement within 180 days of February 22, 1975.

We have examined defendants' other contentions and find them to be without merit.

An appropriate Order will issue.