Sandra L. MORGAN, Plaintiff,

v.

**SHARON PENNSYLVANIA BOARD OF EDUCATION et al., Defendants.**

Civ. A. No. 77–672.

United States District Court,
W. D. Pennsylvania.

June 27, 1979.

---

10. Interest is not payable under the Federal Tort Claims Act prior to judgment. 28 U.S.C. § 2674.

Shelley W. Elovitz, Pittsburgh, Pa., for plaintiff.

William G. McConnell, Cusick, Madden, Joyce & McKay, Sharon, Pa., for defendants.

## MEMORANDUM OPINION AND ORDER

TEITELBAUM, District Judge.

The original complaint in the instant case consisted of three counts. Count one was brought under Title VII of the Civil Rights Act and was against the School District. Count two was filed against the School District, the Superintendent of Schools, and all but one of the school directors, either past or present, who held office from 1970 up to the time of the filing of the complaint. This count was filed as an action under Section 1983 of the Civil Rights Act. The third count was again against all the Board members, the Superintendent and the School District seeking damages under the Pennsylvania Human Relations Act.

Subsequent to the filing of their complaint, the defendants filed motions to dismiss counts one, two and three of the complaint and this Court, by Order dated January 5, 1978, dismissed counts two and three, but denied the request for dismissal of count one insofar as it was predicated upon an alleged, unlawful denial of reinstatement within 180 days of February 22, 1975, *Morgan v. Sharon Pennsylvania Board of Education*, 445 F.Supp. 142 (W.D.Pa. 1978).

On July 10, 1978, plaintiff submitted a motion for reconsideration and reinstatement of count two of the complaint based upon *Monell v. Dept. of Social Services of the City of New York*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). This Court by Order dated July 14, 1978, vacated its Order of January 5, 1978 insofar as said Order dismissed the School District and the defendant, Eugene J. Artac under count two.

Defendants have now filed motions for summary judgment as to both counts one and two, while plaintiff has filed a motion for summary judgment as to count two. The allegations of both counts one and two already having been summarized in 445 F.Supp. at 144, the Court proceeds directly to consideration of the pending summary judgment motions.

## COUNT ONE

█ Defendant Sharon Board of Education contends in the motion for summary judgment as to count one that plaintiff failed to file a charge of discrimination with the EEOC within the 180 day limit prescribed in Title VII. Defendant's motion in this regard is puzzling since the Court previously addressed and decided this precise issue. See 445 F.Supp. at 145. Defendant brings no additional factors to the Court's attention which warrant modification of the previous decision. Accordingly, defendant's motion for summary judgment as to count one is denied for the reasons set forth in 445 F.Supp. at 145.

**1159**

## COUNT TWO

The motion of defendants Sharon Board of Education and Eugene Artac for summary judgment on count two of the complaint is predicated on several contentions. The contentions will be addressed seriatim.

Defendants initially contend that count two is barred by the applicable statute of limitations. Count two was filed on June 8, 1977, approximately seven years after plaintiff's resignation. Defendants therefore contend that even if a six year statute of limitations is applied, plaintiff's action under Section 1983 is untimely.

Since the Civil Rights Acts contain no statute of limitations, the limitation to be applied is that which would be applicable in the courts of the state in which the federal court is sitting had an action seeking similar relief been brought under state law. *Wilson v. Sharon Steel Corp.*, 549 F.2d 276, 280 (3d Cir. 1977). Recently it has been decided in this circuit that the appropriate Pennsylvania State statute of limitations for a case of this nature is six years. *Davis v. United States Steel Supply, Division of United States Steel Corporation*, 581 F.2d 335 (3d Cir. 1978). However, this Court has previously held that denial of reinstatement as well as termination can be the applicable act of discrimination for jurisdictional purposes in civil rights suits. Failure to reinstate is particularly appropriate as a jurisdictional basis for suit in the case *sub judice* in view of the fact that plaintiff specifically requested future reinstatement in her letter of resignation. She, therefore, would not have reason to know of the alleged discriminatory policy permanently terminating her status as a teacher until after her pregnancy and convalescence when it became apparent that her request for reinstatement would not be granted.

Accordingly, Count two remains viable insofar as it is predicated upon a denial of reinstatement occurring after June 8, 1971.[1]

Plaintiff makes an ingenious argument that Count two is not at all affected by the statute of limitations because the applicable Pennsylvania law, *12 P.S. Sec. 31,* has no statute of limitations for specialty contracts under seal such as plaintiff's teaching contract. The application of no statute of limitations, however, applies only to actions on sealed contracts. *Lundvall v. Camp Hill School Dist.*, 58 Pa.D. & C.2d 643 (1972); *Speer v. School District of Collingdale*, 24 Pa.D. & C.2d 550 (1960). The instant action, rather than being an action based upon plaintiff's teaching contract, is basically an action for tortious interference with contractual relations in the spirit of *Davis, supra.* The gist of plaintiff's allegations being interference with contractual relations, it is entirely appropriate to impose a six year statute of limitations and thereby foreclose any claim of plaintiff arising before June 8, 1971.

Defendants next contend that count two should be dismissed because *Monell, supra,* is not to be retrospectively applied, and even if retrospectively applied, defendants are still shielded from liability by qualified immunity.

At the time of plaintiff's alleged injury and at the time the complaint was filed in the instant case, *Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961) afforded government units and municipalities absolute immunity in the dispatch of their duties. *Monell, supra*, has since held otherwise. The standard to be applied in determining the appropriateness of retrospective application is a flexible one:

---

1. *It may seem paradoxical that plaintiff in count two can rely upon alleged acts of discrimination which are foreclosed under count one because of the shorter limitation period provided by Title VII. Congress, however, did not make the remedies under Title VII and Section 1983 mutually exclusive. Plaintiff is therefore entitled to pursue relief under both counts, with each count governed by its own*

procedur?l standards. Great American Federal Savings & Loan Association, et al. v. Novotny, —— U.S. ——, —— 99 S.Ct. 2345, 60 L.Ed.2d 957 (1979); Johnson v. Railway Express Agency, 421 U.S. 454, 457–459, 95 S.Ct. 1716, 44 L.Ed.2d 295; Jones v. Alfred H. Mayer Co., 392 U.S. 409, 413–417, 88 S.Ct. 2186, 20 L.Ed.2d 1189.

*". . . we are neither required to apply, nor prohibited from applying, a decision retrospectively, we must . . . weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation." Linkletter v. Walker,* 381 U.S. 618, 629, 85 S.Ct. 1731, 1738, 14 L.Ed.2d 601 (1965).

Applying the standard of *Linkletter* to the case *sub judice,* this Court first looks to the history of so called *"municipal"* liability under Section 1983. As reviewed in *Monell, Monroe v. Pape* was a departure from prior practice which had been followed for over 100 years. 436 U.S. at 696–699, 98 S.Ct. 2018. The Congressional purpose of Section 1983, when passed in 1871, was *inter alia,* to provide a remedy for discrimination practiced by local governments and municipalities. 436 U.S. at 690, 98 S.Ct. 2018. Instead, the effect of *Monroe v. Pape* was to frustrate the Congressional intent behind Section 1983 for approximately 17 years. It is therefore fair to conclude that retrospective application would further the operation of Section 1983. Section 1983 having been misapplied for some 17 years, it is certainly desirable that such misapplication not be perpetuated any longer. This is particularly so where defendants cannot legitimately contend that they have relied upon *Monroe v. Pape* in fashioning their allegedly discriminatory conduct. As written in *Monell:*

*". . . municipalities can assert no reliance claim which can support an absolute immunity. As Mr. Justice Frankfurter said in Monroe, 'this is not an area of commercial law in which, presumably, individuals may have arranged their affairs in reliance on the expected stability of decision.' . . . nothing in Monroe encourages municipalities to violate Constitutional rights or even suggests that such violations are anything other than completely wrong."* 436 U.S. at 699–700, 98 S.Ct. at 2040.

Accordingly, upon consideration of the foregoing factors, this Court believes and so holds that *Monell* should be retrospectively applied. Defendants are not entitled to rely upon the absolute immunity of *Monroe v. Pape.*

■ Defendants further contend that even in the absence of absolute immunity, count two is barred by a qualified immunity that they are entitled to invoke. *Monell* expressly reserved the issue of applicability of a qualified immunity for determination by the lower federal courts in the first instance. 436 U.S. at 713–714, 98 S.Ct. 2018. Case law to date has tended to interpret *Monell* as authorizing some form of qualified immunity, the contours and scope of which remain uncertain. *Owen v. City of Independence, Mo.,* 589 F.2d 335 (8th Cir. 1978); *Bertot v. School District No. 1,* No. 76–1169 (10th Cir. Nov. 15, 1978); *contra. Shuman v. City of Philadelphia, et al.,* 470 F.Supp. 449 (E.D.Pa. 1979). The availability of a qualified immunity for defendants also seems to make good sense to this Court for reasons stated in the previous Opinion concerning the case *sub judice.* 445 F.Supp. at 145–146. At this stage of the litigation, however, it is premature to determine whether or not the requisite good faith needed for qualified immunity has been established. Construing the pleadings and other discovery materials liberally in favor of plaintiff, the non-moving party, as we must, applicability of qualified immunity is a question better resolved after trial.

■ Lastly, defendants urge that laches requires dismissal of count two. Inexcusable delay and prejudice to the defendants are elements of laches. Both the length of delay and the existence of prejudice are questions of fact. *Churma v. United States Steel Corp.,* 514 F.2d 589 (3d Cir. 1975). Ruling on laches at this juncture of the suit is, therefore, premature. See *Fannie v. Chamberlain Mfg. Corp.,* 445 F.Supp. 65, 75 (W.D.Pa. 1977).

Genuine issues of material fact being in dispute, the motion of defendants for summary judgment on count two will be denied.

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON COUNT TWO**

As previously indicated genuine issues of material fact remain to be resolved before

disposition of count two becomes possible. Accordingly, plaintiff's motion for summary judgment as to count two will similarly be denied.

CONCLÛSION

In summary, count one remains viable insofar as predicated upon a denial of reinstatement within 180 days of February 22, 1975 and count two remains viable insofar as predicated upon a denial of reinstatement after June 8, 1971. An appropriate Order will issue.[2]

---

2. *The Court finds it unnecessary to grant defendants' motion to strike supplemental affidavit submitted by plaintiff since the affidavit* does not alter any decision rendered. The motion to strike will therefore be denied.