Lori LUDINGTON and Michele Penkoff, Plaintiffs,

v.

SAMBO'S RESTAURANTS, INC., et al., Defendants.

Civ. A. No. 78–C–351.

United States District Court, E. D. Wisconsin.

Aug. 15, 1979.

Robert E. Sutton, Milwaukee, Wis., for plaintiffs.

William J. Mulligan, Diana L. Waterman, Milwaukee, Wis., for defendants Sambo's Restaurants, Inc., John Zanotti, Steve Delpaz, Richard Carnes, and Vickie Bickert.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

This is an action for damages brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., and 15 U.S.C. §§ 1, 15, and 18. The plaintiffs Lori Ludington and Michele Penkoff are former waitresses at a restaurant owned by the defendant Sambo's Restaurants, Inc. ("Sambo's"). The individual defendants are employees of the defendant Sambo's who in the course of their employment acted in a supervisory capacity over the plaintiffs.

The plaintiffs allege that during the course of their employment they were required by certain of the defendants to report on their time sheets less than the actual amount of income in tips which they received; that from November 1977 through January 1978, they were subjected to sexual harassment by the manager of the restaurant where they worked; * that they complained about the manager's conduct to the home office and were fired on January 23 and 24, 1978, by the defendant Zanotti in retaliation for their complaint; and that thereafter the plaintiffs applied for unemployment compensation benefits and the defendant Olsen, acting as an agent for the defendant Sambo's, filed objection to the payment of unemployment benefits to the plaintiffs, falsely alleging that the plaintiffs had been fired by the district manager for unsatisfactory conduct.

Five causes of action are set forth in the complaint: (1) that the defendants' actions in requiring plaintiffs to report less than their actual amount of tip income constitute an unlawful practice in restraint of trade and an unlawful attempt to suppress competition by control of the labor market, in violation of 15 U.S.C. § 1 et seq.; (2) that the defendants' actions as described in the paragraph above constitute discrimination against the plaintiffs on the basis of sex in violation of 42 U.S.C. § 2000e et seq.; (3) that the defendants' actions as described in the paragraph above constitute the tort of conspiracy under the Wisconsin common law; (4) that plaintiffs' termination from employment by the defendants constitutes the tort of wrongful termination from employment and retaliatory discharge under the Wisconsin common law; and (5) that the actions of defendants Olsen and Sambo's in opposing plaintiffs' application for unemployment compensation benefits constitute the tort of defamation, slander, and libel under Wisconsin common law.

The defendants Sambo's, John Zanotti, Steve Delpaz, Richard Carnes, and Vickie Bickert have filed a motion to dismiss the complaint for failure of the plaintiffs to state a claim as to causes of action one through five, for failure of the plaintiffs to set forth the necessary subject matter jurisdiction as to the second cause of action, and on the basis that the third, fourth, and fifth causes of action, being pendent claims, should be dismissed once the first and second causes of action are dismissed. The defendants' motion will be granted; however, the order of dismissal will also be stayed for a period of time sufficient to allow plaintiffs, if they choose, to file an amended complaint as to the second through fifth causes of action. The defendant E. R. Olsen was served after the motion to dismiss was filed, and while he has not formally joined in the motion, the Court will dismiss the action against him on the same terms as it dismisses with respect to the above-named defendants. As for the defendant Robert Gollnick, to date he has not been served, and therefore the Court will dismiss the action against him in its entirety but without prejudice.

*The Antitrust Claim*

The plaintiffs allege that as a condition of employment by the defendant Sambo's,

---

* The manager is not a named defendant.

they were required to report less than their actual tip income, that the purpose of this policy was the avoidance of federal and state tax laws, and that its effect was to allow the defendant Sambo's to suppress competition and to undersell competitors by control of the labor market. The plaintiffs also allege that the individual defendants:

"* * * at all times material were employees of the defendant, SAMBO's RESTAURANTS, INC. and * * * with respect to actions taken in regard to LORI LUDINGTON an [sic] MICHELE PENKOFF did act in the course of their employment and under the direction of and on behalf of the defendant, SAMBO's RESTAURANTS, INC." (Complaint, paragraph 5.)

The plaintiffs' allegations fail to state a claim under the antitrust laws.

■ First, the type of conspiracy proscribed by § 1 of the Sherman Act and § 4 of the Clayton Act is a "conspiracy in restraint of trade among *competitors.*" *Austin v. House of Vision, Inc.,* 404 F.2d 401, 403 (7th Cir. 1969) (emphasis in original); *Van Dyke Ford, Inc. v. Ford Motor Company,* 399 F.Supp. 277, 283 (E.D.Wis.1975). While there is, a vague allegation in the complaint that defendant Sambo's alleged policy on tip reporting had a negative impact on competition, the plaintiffs themselves were not competitors of the defendant Sambo's, the defendants were not in competition with each other, "[t]here is no charge of price fixing, division of markets, group boycotts or tying arrangements * * [and] [t]here is no complaint by a business competitor that it was unable to hire * * employees as a result of any practice engaged in by defendant." *Austin v. House of Vision, Inc.,* supra, at 403.

■ Second, a corporation cannot conspire with itself to violate the antitrust laws, and since the acts of agents or employees of a corporation are generally attributable to it, neither can it conspire with its own employees. *Nelson Radio & Supply Co., Inc. v. Motorola, Inc.,* 200 F.2d 911, 914 (5th Cir. 1952); *Mackey v. Sears, Roebuck & Co.,* 237 F.2d 869, 873 (7th Cir. 1956);

*Tamaron Distributing Corporation v. Weiner,* 418 F.2d 137, 139 (7th Cir. 1969). Plaintiffs argue that the individual defendants were engaged in a conspiracy with each other, and that the defendant Sambo's is liable not because it conspired with them but because it is liable for the unauthorized acts of its agents or employees committed in the course of their employment. *United States v. Hilton Hotels Corporation,* 467 F.2d 1000, 1007 (9th Cir. 1972), cert. denied 409 U.S. 1125, 93 S.Ct. 938, 35 L.Ed.2d 256 (1973). The argument is circuitous. The individual defendants as individuals are not competitors in the restaurant business and, therefore, under *Austin v. House of Vision, Inc.,* supra, cannot conspire to restrain trade. As employees of the defendant Sambo's, however, they cannot conspire with it in a legal sense to restrain trade because it is, as plaintiffs allege, responsible even for unauthorized actions taken by the individual defendants in the course of their employment. *United States v. Hilton Hotels Corporation,* supra; *Nelson Radio & Supply Co., Inc. v. Motorola, Inc.,* supra. Therefore, plaintiffs have failed to state a claim under the applicable sections of the antitrust laws.

*The Sex Discrimination Claim*

The plaintiffs have also alleged in paragraphs 11 through 13 of the complaint:

"That commencing in approximately November, 1977 and continuing until January, 1978 the plaintiffs were subjected to sexual harassment, including obscene and vulgar suggestions and physical contact by the manager of the Sambo's Restaurants located at 1500 East Moreland Boulevard, Waukesha, Wisconsin where the plaintiffs were employed.

"That the plaintiffs did register objection to the conduct of the manager, to the home office of the defendant, SAMBO's RESTAURANTS, INC. and to the defendant, ZANOTTI, the district manager and further on or about January 8, 1978 did register a complaint with the Equal Employment Opportunity Division of the Department of Industry, Labor and Human Relations of the State of Wisconsin.

"That on January 23 and 24, 1978 plaintiffs were discharged from their employment by the defendant ZANOTTI acting in the course of his employment and as the duly authorized agent of the defendant, SAMBO's RESTAURANTS, INC. and at the time of the termination of their employment the plaintiffs were advised that the termination was in retaliation for the complaint which they had registered concerning the sexual advances and propositions by the store manager and that because of said complaints the plaintiffs were viewed by the defendant as 'troublemakers.' "

The plaintiffs have not, however, alleged that the sexual harassment resulting in termination which occurred was in any manner approved by their employer, Sambo's, nor have they set forth the manner in which Sambo's reacted to their objection registered in the home office.

█ Title VII is directed at acts of employment discrimination and not at individual acts of discrimination. Therefore, individual acts of sexual harassment by employees of a defendant employer are not actionable, *Miller v. Bank of America,* 418 F.Supp. 233 (N.D.Cal.1976); *Corne v. Bausch and Lomb, Inc.,* 390 F.Supp. 161 (D.Ariz.1975); unless they are in some manner, whether actively or tacitly, sanctioned by the employer or constitute an official policy of the employer. *Williams v. Saxbe,* 413 F.Supp. 654 (D.D.C.1976); *Tomkins v. Public Service Electric & Gas Co.,* 422 F.Supp. 553 (D.N.J.1976), rev'd 568 F.2d 1044 (3d Cir. 1977); *Garber v. Saxon Business Products, Inc.,* 552 F.2d 1032 (4th Cir. 1977); *Barnes v. Costle,* 183 U.S.App.D.C. 90, 561 F.2d 983 (1977).

Applying these criteria to the complaint, plaintiffs, despite their general allegation that all of the defendants' actions described in the complaint were intentional and malicious (complaint, paragraph 17), have failed to state a claim under Title VII because they have not alleged that their employer in any manner sanctioned the acts committed by its supervisory employees. See *Williams v. Saxbe,* supra, at 660 n.8. Nevertheless, the Court is of the opinion that plaintiffs should be given an opportunity to expand the allegations of their complaint in order that they not be foreclosed from pursuing their claim if they are able to state a claim under Title VII against their employer, and not merely against certain of their employer's supervisory personnel.

█ Similarly, plaintiffs will be given an opportunity to amend to set forth the requisite basis for subject matter jurisdiction. The filing of a claim with the Equal Employment Opportunity Commission ("EEOC") and the receipt of a notice of right to sue are jurisdictional prerequisites to suit under Title VII and therefore, under Rule 8 of the Federal Rules of Civil Procedure, must be alleged in the complaint. *Terry v. Bridgeport Brass Company,* 519 F.2d 806 (7th Cir. 1975); *Gibson v. Kroger Company,* 506 F.2d 647 (7th Cir. 1974), cert. denied 421 U.S. 914, 95 S.Ct. 1571, 43 L.Ed.2d 779 (1975). In their complaint the plaintiffs have alleged only that they filed a complaint with the Equal Employment Opportunity Commission of the Department of Industry, Labor and Human Relations of the State of Wisconsin. In their answering brief, however, plaintiffs state that they did file complaints with the EEOC and they attach copies of their notices of right to sue. Leave to amend should be freely given where justice so requires, Rule 15 of the Federal Rules of Civil Procedure, and the Court finds this to be an appropriate case.

*The State Law Claims*

█ In the absence of diversity, the dismissal of the first and second claims, which are the federal claims, requires dismissal of the pendent state law claims. *Van Dyke Ford, Inc. v. Ford Motor Company,* 399 F.Supp. 277, 281 (E.D.Wis.1975); *Parrent v. Midwest Rug Mills, Inc.,* 455 F.2d 123 (7th Cir. 1972); *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). The defendants have also challenged the sufficiency of each of the third through fifth causes of action, and while the Court notes that the statement of the claim in each case is meager, it

declines to consider their sufficiency under Rule 12(b)(6) of the Federal Rules of Civil Procedure since they will be dismissed by this order in any case. If plaintiffs file an amended complaint, the defendants may, if they choose, renew their motion to dismiss the third through fifth causes of action.

### The Defendant Gollnick

The defendant Robert Gollnick has not yet been served. The complaint was filed June 2, 1978. Section 10.01 of the local rules of this court provides:

"In all cases in which the plaintiff has not effected service of process on the defendant within six months from the filing of the complaint and the defendant has not submitted to the jurisdiction of this court and upon 20 days' notice to the attorney of record for the plaintiff or the plaintiff, if pro se, an order shall be entered dismissing the action. Such dismissal shall be without prejudice."

### Order

For the foregoing reasons,

IT IS ORDERED that the motion of the defendants Sambo's Restaurants, Inc., John Zanotti, Steve Delpaz, Richard Carnes, and Vickie Bickert to dismiss this action is granted, and the action is dismissed in its entirety as to all defendants.

IT IS FURTHER ORDERED that the dismissal as to the defendant Robert Gollnick is without prejudice and for want of prosecution, and that the order of dismissal as to him is stayed for twenty days from the date of its filing, during which time the plaintiffs may file a motion along with supporting affidavits requesting vacation of this order of dismissal.

IT IS FURTHER ORDERED that as to all defendants the dismissal of the third, fourth, and fifth causes of action is without prejudice.

IT IS FURTHER ORDERED that, within twenty days from the filing date of this order, the plaintiffs may file an amended complaint as to any or all of the second through fifth causes of action.