Betty BLESSING

v.

**COUNTY OF LANCASTER; County Commissioners James E. Huber, Robert C. Boyer and Brad S. Fischer, in their capacity as County Commissioners and as members of the Salary Board; County Controller Donald Weaver, in his capacity as a member of the Salary Board; and R. Ronald Reedy, individually, and in his official capacity as Court Administrator of the County of Lancaster.**

Civ. A. No. 84–764.

United States District Court,
E.D. Pennsylvania.

Jan. 10, 1985.

**486**

Nancy E. Rourke, Harrisburg, Pa., for plaintiff.

J. Michael Flanagan, Lancaster, Pa., for defendants.

## MEMORANDUM AND ORDER

TROUTMAN, Senior District Judge.

Defendants have moved to dismiss this sex discrimination in employment suit for lack of jurisdiction over the subject matter and for failure to state a claim upon which relief may be granted.

█ With respect to the claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–2(a)(1) and (2), defendant asserts that the Court lacks jurisdiction over the subject matter in that a jurisdictional prerequisite to filing suit is the allegation that a timely charge was filed before the EEOC and that the Agency subsequently issued a right to sue letter, an allegation admittedly lacking in the original complaint. In *Gooding v. Warner-Lambert Company, et al.,* 744 F.2d 354 (3d Cir.1984), the Court of Appeals for the Third Circuit explicitly held that the issuance of a right to sue letter is not a jurisdictional prerequisite to a Title VII claim, and further that the district Court abused its discretion when it failed to allow plaintiff to amend her complaint to include the allegation of a right to sue letter. That decision was in keeping with the "... sound and established policy that procedural technicalities should not be used to prevent Title VII claims from being decided on

their merits". *Gooding* at 358, 359. Since plaintiff has already filed an amended complaint wherein the issuance of a right to sue letter was pled, we have no difficulty in concluding that defendants' motion must be denied insofar as it is based on lack of subject matter jurisdiction.

█ In addition to the Title VII claim, plaintiff also asserts a cause of action under 42 U.S.C. § 1983 and a pendent state claim for the intentional infliction of emotional distress. Defendants have also moved to dismiss these claims, as well as the Title VII claim, under Fed.R.Civ.P. 12(b)(6).

First, defendants contend that plaintiff has not alleged a causal connection between her losses and the actions of defendant R. Ronald Reedy and members of the Salary Board of Lancaster County. Read together, the allegations of the amended complaint establish a claim that plaintiff was recommended for a promotion and salary increase by her immediate supervisor in August, 1982, Amended Complaint ¶ 9; that defendant Reedy, as department head, was responsible for making a recommendation to the Salary Board who had final authority to grant the raise, Amended Complaint ¶ 9; that defendant Reedy implicitly conditioned a favorable recommendation to the Salary Board on plaintiff's doing something personal for him, in the nature of accepting an out-of-the County dinner invitation such as she had already refused on a prior occasion, Amended Complaint ¶¶ 11, 12; that plaintiff did not receive a promotion and salary increase until approximately six months after the favorable evaluation by her immediate supervisor and subsequent to her initiation of legal proceedings against the defendants, Amended Complaint ¶¶ 14, 15; and that plaintiff believes that she would have been granted a promotion and salary increase in September, 1982, had she not refused to cooperate on a personal level with defendant Reedy. In light of the well-known standard that "a complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts

in support of his claim which would entitle him to relief", *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957), it is apparent that these allegations of the complaint withstand defendants' motion to dismiss. Taking them as true as we must on a motion to dismiss, *Scheuer v. Rhoades*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), plaintiff has alleged a cause-effect relationship between defendants' conduct and her claimed losses. Her stated belief that she would have been promoted earlier but for defendants' illegal conduct is a sufficient allegation that the position to which she aspired was open in September, 1982. Also implicit in the complaint is the allegation that the Salary Board would not act favorably on plaintiff's promotion without a favorable recommendation from Reedy. Moreover, even if any of the perceived pleading deficiencies were found to be so substantial as to warrant dismissal, the Court would be obliged to afford plaintiff the opportunity to amend the complaint. *Guyette v. Stauffer Chemical Co.*, 518 F.Supp. 521 (D.Del.1981).

Defendants next contend that the conduct alleged in the complaint does not amount to sexual harassment under Title VII. In a similar factual context, however, the Court of Appeals for the Third Circuit reversed the district court's dismissal of a Title VII case. *Tomkins v. Public Service Electric & Gas Co., et al.*, 568 F.2d 1044 (3d Cir.1977). The Court concluded that

> Title VII is violated when a supervisor, with the actual or constructive knowledge of the employer, makes sexual advances or demands toward a subordinate employee and conditions that employee's job status—evaluation, continued employment, promotion, or other aspects of career development—on a favorable response to those advances or demands, and the employer does not take prompt and appropriate remedial action after acquiring such knowledge.

*Tomkins*, at 1048, 1049. Plaintiff here clearly alleges that defendant Reedy, a supervisor, persistently harassed female employees, Amended Complaint ¶ 21, and that the employer, Lancaster County, through its officials, knew that Reedy violated proper personnel procedures but did nothing to correct the situation, Amended Complaint ¶¶ 18, 19.

Similarly, the foregoing allegations are sufficient to overcome the pleading hurdles of *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) in that plaintiff alleges that the County's acquiescence in Reedy's behavior created at least a custom of allowing sexual harassment in the Court Administrator's office, a violation of the statutory right to non-discrimination on the basis of sex.

With respect to plaintiff's claim for the intentional infliction of emotional distress, defendants argue that the conduct alleged was not so extreme and outrageous as to allow plaintiff to recover on that claim. While that may or may not be true, it is not an issue to be resolved on a motion to dismiss. Whether or not the alleged conduct rises to and satisfies the elements of a claim for the intentional infliction of emotional distress cannot fairly be determined from the bare allegations of the complaint. The sufficiency of the evidence of extreme and outrageous conduct is a determination for the Court, *Chuy v. Philadelphia Eagles Football Club*, 595 F.2d 1265 (3d Cir. 1979), but it cannot be made until after plaintiff's evidence is presented.

Finally, defendants seek dismissal of plaintiff's claims for punitive and compensatory damages for emotional distress on her Title VII claim, and for punitive damages against Lancaster County and defendant Reedy on her § 1983 claim. We note first that plaintiff agrees that punitive damages are not available against the County, and secondly that her prayer for relief does not specify from which defendants she seeks punitive as well as compensatory damages, nor on which claims she seeks either or both kinds of damages. To simplify the issue for future discovery and trial, however, we shall decide what damages are recoverable, against whom, and on which claims at this time.

488

With respect to the Title VII claim, we follow the law of the Third Circuit in allowing only equitable relief. See *Richerson v. Jones,* 551 F.2d 918 (3d Cir.1977); *Reiff v. Don Rosen Cadilaac–BMW, Inc.,* 501 F.Supp. 77 (E.D.Pa.1980) and cases cited therein.

With respect to the assessment of punitive damages against defendant Reedy individually, pursuant to § 1983, defendants argue correctly that plaintiff must show either malice, reckless disregard for, or callous indifference to plaintiff's rights. Reedy characterizes his conduct as "ill-advised" rather than malicious, callous or reckless. The allegations of plaintiff's amended complaint do not characterize Reedy's conduct at all in terms of either knowledge of or indifference to her rights. Therefore, the amended complaint could not support an award of punitive damages under § 1983.

In summary, then, plaintiff is not entitled to claim either compensatory or punitive damages on her Title VII claim, nor is she entitled to seek punitive damages on her § 1983 claim. Her claims for compensatory damages, in connection with her § 1983 claim, and for compensatory and punitive damages on her pendent state claims are proper under the pleadings.