**Nancy C. FRYKBERG, Plaintiff,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY; and Douglas Turner, Defendants.**

No. C–C–82–531–M.

United States District Court,
W.D. North Carolina,
Charlotte Division.

Feb. 23, 1983.

Katherine S. Holliday and Allen J. Peterson, James, McElroy & Diehl, P.A., Charlotte, N.C., for plaintiff.

Harvey L. Cosper, Jr., Golding, Crews, Meekins, Gordon & Gray, Charlotte, N.C., for defendants.

MEMORANDUM OF DECISION
AND ORDER

McMILLAN, District Judge.

Plaintiff Nancy Frykberg brought this Title VII action alleging that she was discriminated against, harassed, and constructively discharged by defendants on account of her sex. She also raises a pendent state law claim for intentional infliction of emotional distress for which she seeks compensatory and punitive damages. Defendants have moved to dismiss the state law claim. They argue that the court lacks subject matter jurisdiction over the claim, or, in the alternative, that if the court does have jurisdiction, it should decline to exercise it. [Defendants made several other motions to dismiss that have been resolved.]

---

In *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), a unanimous Court held that federal courts presented with substantial federal claims have power under the Constitution to hear related state claims if the state and federal claims "derive from a common nucleus of operative fact," and are such that the plaintiff "would ordinarily be expected to try them in one judicial proceeding." *Id.* at 725, 86 S.Ct. at 1138. The court held further that while the power to hear pendent claims might exist in a particular case, a court should hesitate to exercise its jurisdiction where to do so would not serve the interests of convenience, judicial economy, and fairness to the litigants. In addition, the Court said that

> *if* it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or the comprehensiveness of the remedy sought, the state claims *may* be dismissed without prejudice and left for resolution to state tribunals.

*Id.* at 726–27, 86 S.Ct. at 1139 (emphasis added).

Defendants do not seriously challenge this court's *power* to hear plaintiff's claim of intentional infliction of emotional distress. That claim arises from exactly the same conduct by defendants which forms the basis of plaintiff's Title VII claim. It is hard to imagine a clearer example of state and federal claims which derive from a "common nucleus of operative fact" and which a plaintiff "would ordinarily be expected to try ... in one judicial proceeding." This court, therefore, has jurisdiction over the state law claim.

Defendants, however, urge the court to decline to exercise its pendent jurisdiction in this case for several reasons. They claim that:

(1) The compensatory damages sought by plaintiff in connection with her emotional distress claim are not available to her under Title VII and are more comprehensive than the remedies provided under federal law;

(2) The state law claim involves different elements of proof; the issues associated with it would predominate over the issues related to the federal claim; and the state, but not the federal claim, may be tried to a jury;

(3) The law of emotional distress in North Carolina is greatly unsettled and claims of this sort should therefore be left to the state courts; and

(4) The court has no "pendent party jurisdiction" over the "principal" emotional distress defendant, Douglas Turner.

Defendants' Memorandum at 7–20.

Defendants' first two arguments raise the primary questions the court must consider in deciding under *Gibbs* whether to exercise its pendent jurisdiction:

First, will the interests of convenience, judicial economy, and fairness to the litigants be served? The convenience and economy of hearing the state and federal claims in one action rather than two is obvious. To send plaintiff to state court on her state claim would require duplication of effort by the parties and their attorneys and by the courts and their personnel. At a time when most state and federal courts are overloaded, two trials should not be conducted where one can fairly do the job.

Trying state claims to a jury and federal claims to the court makes no big deal of the case. Jury trials here frequently take less time and are cheaper than non-jury trials. Even purely federal actions frequently raise both jury and non-jury issues. (The court might decide to use the jury in an advisory capacity with respect to the non-jury claim. *See* Fed.R.Civ.P. 39(c).)

As to fairness, defendants have not suggested, and the court does not perceive, any unfairness in trying the various claims together.

The second question is whether the state issues *substantially* predominate over the federal issues. The bulk of the evidence in this case is likely to concern plaintiff's employment history with State Farm, which bears more on the federal than on the state

claim. While under the state claim some additional *relief* has been sought, and some additional issues will no doubt be raised and proof required, the court does not believe that the state issues predominate at all— certainly they do not *substantially* predominate over the federal issues.

Other courts have reached conflicting results in answering these questions. *Compare Guyette v. Stauffer Chemical Co.,* 518 F.Supp. 521 (D.N.J.1981) (pendent jurisdiction in sex discrimination suit exercised over state claims including intentional infliction of emotional distress) *with Kiss v. Tamarac Utilities, Inc.,* 463 F.Supp. 951 (S.D.Fla.1978) (pendent jurisdiction in sex discrimination suit declined). This court agrees with the well-reasoned opinion of Judge Debevoise in *Guyette:*

> In this case, the interests of judicial economy, convenience and fairness to the litigants weigh heavily in favor of trying both state and federal claims in a single action. A sexual harassment theory of recovery under Title VII bears distinct similarities to, and to a large extent arises out of, common law torts such as assault and battery and intentional interference with contractual relations. See *EEOC Guidelines on Sexual Harassment,* 29 C.F.R. § 1604.11, promulgated June, 1980. Consequently the evidence necessary to prove a Title VII harassment violation overlaps that necessary to prove underlying state law torts to a significant degree. To require the state claims to be tried in a separate forum would be duplicative and wasteful of the time and resources of the courts and litigants alike.
>
> Defendants argue that the remedies available under state law, particularly compensatory and punitive damages and the right to a jury trial, would circumvent and subvert the equitable and remedial purposes of Title VII. *See Gerlach v. Michigan Bell Telephone Co.,* [448 F.Supp. 1168 (1978)] *supra.* at 1173. Since the doctrine of pendent jurisdiction, however, unlike that of federal pre-emption, determines not the scope of the remedies available but only the forum in which the claims are tried, it would seem

a matter of indifference to the federal court whether the state law remedies complement those available under federal law. If the federal court were to decline pendent jurisdiction, the state law claims would presumably be litigated in the state courts, and the effect of the state law remedies upon Title VII policies would be the same. As long as other considerations of fairness and convenience weigh in favor of pendent jurisdiction, therefore, there is no reason why a federal court should refuse pendent jurisdiction simply because state law provides remedies above and beyond those provided by Congress.

> Defendants further argue that the state law claims and remedies will predominate over the Title VII claims and remedies, and that the divergent legal theories will tend to confuse the jury. It does not appear, however, that the state issues here will "substantially" predominate over the federal issues. Plaintiffs' Title VII claims are widespread and comprehensive, and clearly form the mainstay of the action.

> \* \* \* \* \* \*

> Because the advantages of trying all of plaintiffs' claims in one action are great and the state law claims should neither unduly complicate the issues nor substantially predominate over the federal claims, I conclude that the exercise of pendent jurisdiction is appropriate in this case. Defendants' motion to dismiss the state law claim as beyond the court's pendent jurisdiction will therefore be denied.

518 F.Supp. at 524–525.

If the North Carolina law of emotional distress were, as defendants allege, "greatly unsettled," this court might hesitate to exercise jurisdiction over the pendent claim. *Cf., Financial General Bankshares, Inc. v. Metzger,* 680 F.2d 768 (D.C.Cir.1982). However, the North Carolina Supreme Court has recently defined the scope and elements of the tort of intentional infliction of emotional distress. *Dickens v. Puryear,* 302

N.C. 437, 276 S.E.2d 325 (1981); *Stanback v. Stanback,* 297 N.C. 181, 254 S.E.2d 611 (1979). In light of the Court's detailed discussion in *Dickens,* the law of North Carolina on the subject appears clear.

Finally, defendants argue that the "principal" defendant to the emotional distress claim is plaintiff's former manager, Douglas Turner, that there is no independent basis of federal jurisdiction over him, and that the court should therefore dismiss the state claim altogether. There is no reason to consider Turner as the principal defendant to the state claim. Under North Carolina law, "a master is liable for the acts of his agent, *whether malicious or negligent,* which result in injury to third persons, when the servant or agent is acting within the line of his duty and exercising the functions of his employment." *King v. Motley,* 233 N.C. 42, 45, 62 S.E.2d 540, 543 (1950). Given that the corporate defendant would be liable to plaintiff if she proves her case, it is more likely that it, rather than the individual defendant, would satisfy any award of damages that might be made. Thus Turner's presence as party in the case is not critical to the decision whether to exercise jurisdiction over the state claim against State Farm.

Moreover, *Aldinger v. Howard,* 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976), does not prevent this court from exercising "pendent party jurisdiction" over Turner. In *Aldinger,* the plaintiff in a § 1983 action against county officials attempted to assert a related state claim against the county. Under the then prevailing interpretation of § 1983, neither *substantive liability* under that section nor federal jurisdiction under its jurisdictional counterpart extended to county governments. The Supreme Court held that since Congress had excluded the county from federal liability and jurisdiction under the federal statutes, it would violate congressional intent to allow the plaintiff to bring the county back into federal court through pendent jurisdiction. *Id.* at 16–17, 96 S.Ct. at 2421. The Court expressly limited its holding to the facts before it, and several courts have subsequently found appropriate the exercise of "pen-

dent party jurisdiction" in different settings. *See, e.g. North Dakota v. Merchants Nat'l Bank & Trust Co.,* 634 F.2d 368 (8th Cir.1980); *Boudreaux v. Puckett,* 611 F.2d 1028 (5th Cir.1980). These cases recognize that federal courts have the power to exercise jurisdiction over pendent *parties* as well as pendent *claims.* Courts are to be more cautious in the case of pendent parties, *see Aldinger, supra,* 427 U.S. at 18, 96 S.Ct. at 2422; nevertheless, where the *Gibbs* criteria are satisfied, jurisdiction may be exercised in the court's discretion absent a congressional indication to the contrary. *Merchants National Bank, supra,* 634 F.2d at 373–74; *Boudreaux, supra,* 611 F.2d at 1031. Jurisdiction can and should be exercised over defendant Turner.

In sum, the court has jurisdiction to hear plaintiff's state law claim against both defendants for intentional infliction of emotional distress, and this is an appropriate case for the exercise of that jurisdiction.

IT IS THEREFORE ORDERED that defendants' motion to dismiss the state claims for lack of jurisdiction is DENIED.