**Rachel DEEN, Plaintiff,**

**v.**

**The GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., a corporation; Ned T. Lewandowski, Sam Mudd, and Gary Lowery, individually and as agents of the Great Atlantic & Pacific Tea Company, Inc., Defendants.**

**No. C–C–84–530–P.**

United States District Court,
W.D. North Carolina.

Jan. 23, 1985.

784

Michael Sheely, Charlotte, N.C., for plaintiff.

James M. Powell, Thomas A. Bright, Haynsworth, Baldwin, Miles, Johnson, Greaves & Edwards, P.A., Greenville, S.C., for defendants.

## ORDER

ROBERT D. POTTER, Chief Judge.

THIS MATTER is before the Court on motion of the Defendants to dismiss for lack of subject matter jurisdiction, motion of the Defendants to dismiss for failure to state a claim upon which relief can be granted, motion of the Defendants for a more definite statement, motion of the Defendants for an extension of time in which to respond to discovery, and motion of the Defendants for a protective order to stay discovery. The Court also has before it for consideration the Plaintiff's motion for leave to amend the Complaint. Each motion is discussed seriatim.

### A. MOTION FOR LEAVE TO AMEND THE COMPLAINT

Having carefully considered the matter, and the Defendants having failed to file any objection to the motion, the Court is of the opinion that pursuant to Fed.R.Civ.P. 15(a), justice requires that leave be granted. As will be discussed herein, allowing the amended Complaint negates the majority of objections asserted by the Defendants with respect to the sufficiency of the original Complaint.

### B. MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

The Complaint consists of six causes of action. The first three causes of action are against the Defendant Atlanta and Pacific Tea Company ("A & P") for violations of the Age Discrimination Employment Act ("ADEA"). 29 U.S.C. § 621 *et seq.* The fourth and fifth causes of action are against A & P under pendent state law claims for breach of contract and infliction of emotional distress. The sixth cause of action is against the corporate Defendant A & P and the individual Defendants, Ned T. Lewandowski, ("Lewandowski"), Sam Mudd ("Mudd"), and Gary Lowery ("Lowery"), for infliction of emotional distress. The Defendants attack varying aspects of each cause of action.

#### 1. ADEA

The Defendants correctly contend that the ADEA does not allow prejudgment interest and therefore any claim for prejudgment interest must be deleted. Although the original Complaint requested prejudgment interest the Amended Complaint deleted the prejudgment interest request under the first through third causes of action. Therefore, the matter is moot.

#### 2. *Infliction of Emotional Distress*

█ The Defendants contend this claim should be dismissed because the Complaint fails to allege extreme and outrageous conduct, severe emotional distress, and the existence of a duty owed. The Court, however, is of the opinion that the Defendants' arguments are without merit. For instance, and without repeating every allegation of the Complaint, the original Complaint states that:

plaintiff has sufferend from severe emotional distress, feelings of selfworthless-

ness, feelings of self-destruction, shame, loss of weight, loss of appetite, irregular heartbeat, head pain, chest pains and nausea.... She has incurred bills as follows: (a) In excess of $1,795.00 for psychotherapy, (increasing at a rate of at least $120.00 per month). (b) Hospital bills of $2,952.00 (c) Medication bills in excess of $520.02, (increasing at a rate of $57.78 per month). She has been under heavy medication and is undergoing psychotherapy.

The above statement is more than sufficient to constitute an allegation of severe emotional distress, and the Defendant's argument that the Complaint fails to allege severe emotional distress is obviously meritless. The Court, therefore, after reviewing the Amended Complaint in its entirety is of the opinion that the Complaint states a valid claim for negligent and intentional infliction of emotional distress. If the Defendants determine during discovery that the undisputed facts entitle the Defendants to judgment as a matter of law, then the Defendants should move for summary judgment.

### 3. *Breach of Contract*

■ The Defendants contend that the claim for recovery of consequential mental anguish damages should be dismissed because the Complaint does not allege the three elements required for recovery in *Stanback v. Stanback*, 297 N.C. 181, 254 S.E.2d 611 (1979). The amended Complaint cures this defect by alleging that the Plaintiff entered into the contract in order to regain a positive self-image and to regain her dignity and mental stability. Therefore, the claim for consequential damages should not be dismissed at the pleading stage.

■ In addition the Defendants move for dismissal of the punitive damage claim. The contract claim, however, is coupled with the identifiable tort of intentional infliction of emotional distress, which tort contains an element of aggravated conduct. 254 S.E.2d at 621–23. The claim for punitive damages, therefore, survives the motion to dismiss.

### C. MOTION FOR A MORE DEFINITE STATEMENT

The amended Complaint filed by the Plaintiff has cured any alleged deficiencies raised in the Defendant's motion for a more definite statement of the claim for negligent infliction of emotional distress. Therefore, the motion should be denied.

### D. MOTION TO DISMISS FOR LACK OF SUBJECT–MATTER JURISDICTION

The Plaintiff has raised three pendent state claims in her Complaint. One claim is for breach of the settlement agreement and the other two claims are for intentional or negligent infliction of emotional distress. The Defendants move to dismiss the state law claims for lack of subject-matter jurisdiction. They contend that the Court should not exercise pendent jurisdiction over the state law claims because it would circumvent the scope of remedies under the ADEA which excludes compensatory, special and punitive damages.

In *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) the Supreme Court established a two step inquiry to determine whether a court can exercise pendent jurisdiction over related state claims. First, the court must determine whether it has power under the Constitution to hear the state claim. The court must find that the state and federal claims "derive from a common nucleus of operative facts" and the claims are such that the plaintiff "would ordinarily be expected to try them all in one judicial proceeding." 383 U.S. at 725. Second, if the power to hear exists, then the court must decide whether in its discretion pendent jurisdiction should be exercised.

■ In deciding whether to exercise jurisdiction the Court considers a myriad of factors, including the interests of convenience, judicial economy, fairness to the litigants, the predominance of state issues, jury confusion and needless friction caused by unsettled questions of state law.

The Defendants concede and the Court agrees that the Court has the power to hear the Plaintiff's state claims. The Plaintiff asserts three serious claims under the ADEA, the state claims arise from the exact same facts which support the ADEA claims and these claims would ordinarily be tried in one proceeding.

The Defendants strenuously urge the Court to decline to exercise jurisdiction because the relief sought in the pendent claims would circumvent the limited scope of relief available under ADEA. In *Frykberg v. State Farm Mutual Automobile Insurance Company*, 557 F.Supp. 517, 519 (W.D.N.C.1983) an identical argument was raised with respect to the exercise of pendent jurisdiction over a claim for intentional infliction of emotional distress which claim arose out of the same facts as the claim under Title VII, 42 U.S.C. § 2000e *et seq.* In *Frykberg* the defendant's argument was rejected, the Court discerning a significant difference between the doctrine of preemption and the doctrine of pendent jurisdiction. This Court agrees with the rational in *Frykberg:*

> Defendants argue that the remedies available under state law, particularly compensatory and punitive damages and the right to a jury trial, would circumvent and subvert the equitable and remedial purposes of Title VII. *See, Gerlach v. Michigan Bell Telephone Co.*, [448 F.Supp. 1168 (1978)] *supra* at 1173. Since the doctrine of pendent jurisdiction, however, unlike that of federal preemption, determines not the scope of the remedies available but only the forum in which the claims are tried, it would seem a matter of indifference to the federal court whether the state law remedies complement those available under federal law. If the federal court were to decline pendent jurisdiction, the state law claims would presumably be litgated in the state courts, and the effect of the state law remedies upon Title VII policies would be the same. As long as other considerations of fairness and convenience weigh in favor of pendent jurisdiction, therefore, there is no reason why a federal court should refuse pendent jurisdiction simply because state law provides remedies above and beyond those provided Congress. Defendants further argue that the state law claims and remedies will predominate over the Title VII claims and remedies, and that the divergent legal theories will tend to confuse the jury. It does not appear, however, that the state issues here will "substantially" predominate over the federal issues. Plaintiffs' Title VII claims are widespread and comprehensive, and clearly form the mainstay of the action.

> \* \* \* \* \* \*

> Because the advantages of trying all of plaintiffs' claims in one action are great and the state law claims should neither unduly complicate the issues nor substantially predominate over the federal claims, I conclude that the exercise of pendent jurisdiction is appropriate in this case. Defendants' motion to dismiss the state law claim as beyond the court's pendent jurisdiction will therefore be denied.

557 F.Supp. at 519, *quoting, Guyette v. Stauffer Chemical Co.*, 518 F.Supp. 521, 524–25 (D.N.J.1981).

The remaining factors to consider in deciding whether to exercise pendent jurisdiction all weigh in favor of the exercise of jurisdiction. The North Carolina Supreme Court in *Dickens v. Puryear*, 302 N.C. 437, 276 S.E.2d 325 (1981) has adjudicated and defined the perimeters of the tort of intentional infliction of emotional distress. Further, there are not any novel contract issues appearing which would involve unnecessary adjudication of unsettled questions of state law. The interests of convenience, *judicial ecomony and fairness are better served by the economy of one trial in one forum, when the claims arise out of the same facts and the proof will probably encompass testimony from the same witnesses.*

As there is not complete diversity in this case, the Court must also decide whether it can and should assert pendent party juris-

diction over the individual Defendants. A court should be more cautious in exercising pendent party jurisdiction. *Aldinger v. Howard,* 427 U.S. 1, 18, 96 S.Ct. 2413, 2422, 49 L.Ed.2d 276 (1976). When the *Gibbs'* criteria are satisfied, however, the court has the power to exercise jurisdiction over the pendent parties. As was the situation with the individual Defendant supervisory employee in *Frykberg,* this Court is of the opinion that jurisdiction can and should be exercised over the individual Defendant supervisory employees in the instant case. 557 F.Supp. at 520.

In light of the above, the Court is of the opinion that the Defendants' motion to dismiss for lack of subject-matter jurisdiction should be denied.

### E. MOTIONS TO STAY OR EXTEND DISCOVERY

The Defendants' motions to stay or extend discovery were premised on resolution of the outstanding motions. The Court having resolved all outstanding motions [1] thus delineating the areas of permissible discovery, a stay or an extension is no longer justified. Accordingly, the Defendants should have thirty days from the filing of this Order to respond to the discovery previously served by the Plaintiff. The Pretrial Order entered simultaneously herewith will control the time in which discovery expires.

IT IS, THEREFORE, ORDERED that:

(1) The Plaintiff's motion to amend her Complaint is *GRANTED;*

(2) The alternative motions of Defendants, Lewandowski, Mudd, and Lowery to dismiss for lack of subject-matter jurisdiction and failure to state a claim are *DENIED;*

(3) The motion of Defendant A & P to dismiss for lack of subject-matter jurisdiction is *DENIED;*

(4) The motion of Defendant A & P to dismiss for failure to state a claim is *DENIED;*

(5) Defendants' alternative motion for a more definite statement of negligent infliction of emotional distress is *DENIED;*

(6) Defendants' motion for an extension of time is *DENIED;* and

(7) Defendants' motion for a protective order to stay discovery is *DENIED.*

1. The motion for a stay refers to a motion for summary judgment on the ADEA counts. No such motion has been filed with the Court. The Plaintiff filed a response to Defendants' "motion to dismiss ADEA claims". No such motion has ever been filed with the Court. Also, the Plaintiff's response appears to deal with the "defenses" raised in the Answer. Defenses do not constitute motions. By this Order the Court has resolved all pending motions.