Rafael **MARQUEZ VELEZ**, Plaintiff,

v.

**DAVID M. PUERTO RICO GRAPHIC SUPPLIES, INC., et al.,** Defendants.

**Civ. No. 84–3068 (PG).**

United States District Court, D. Puerto Rico.

Oct. 3, 1985.

José E. Fernández Seín, Santurce, P.R., for plaintiff.

Rossell Barrios Amy, McConnell, Valdes, Kelley, Sifre, Griggs & Ruiz-Suria, San Juan, P.R., for defendants.

## OPINION AND ORDER

PEREZ–GIMENEZ, Chief Judge.

This is a civil action brought by plaintiff, Rafael Márquez Vélez, against David M. Puerto Rico Graphic Supplies, Inc., (hereinafter referred to as David M.) and Wheelabrator-Frye, Inc. Plaintiff alleges violations of the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq., as amended, (ADEA) and the Puerto Rican statute prohibiting discrimination in employment on account of age, Law 100 of June 30, 1959, as amended, (Law 100), 29 L.P.R.A. § 146, et seq.

On January 15, 1985, defendant David M. filed a motion requesting partial dismissal of the pendent state claim. The United States Magistrate issued a report and recommendation on the motion. The Magistrate recommended in his report that defendant's motion to dismiss plaintiff's state claim be denied. Defendant filed its opposition to the Magistrate's report and recommendation, and the matter is presently before this Court on defendant's opposition.

Upon objections being made to a Magistrate's Report and Recommendation, we are required to make a *de novo* review of matters included in a Magistrate's report to which objection is made. 28 U.S.C. § 636(b)(1)(C).

■ Defendant contends that ADEA supersedes plaintiff's claim under Law 100 and that therefore the exercise of pendent jurisdiction over plaintiff's state claim is inappropriate and contrary to ADEA.

The courts have presented two divergent interpretations of section 633(a)[1] of the ADEA. In *Pandis v. Sikorsky Aircraft Div. of U.T.C.*, 431 F.Supp. 793 (D.C.Conn. 1977), a federal district court found that the exercise of pendent jurisdiction over state age discrimination claim was inappropriate. One of the stated reasons was that section 633(a) of the ADEA provides that the filing of a federal age discrimination lawsuit after the requisite periods for state and federal conciliation supersedes any state action in process, and "the fact that the filing of a federal ADEA lawsuit supersedes and stays any action pending in a state forum is a persuasive indication that it would be inappropriate for a federal court considering a federal ADEA claim to assume pendent jurisdiction over a cause of action grounded in state law." *Id.*, at 796.

On the other side of the spectrum, in *Shanahan v. Witi-TV, Inc.*, 565 F.Supp. 219 (E.D.Wis.1982), the court held that although section 633(a) operates to stay any state proceedings upon the commencement of the ADEA actions, this stay does not imply that a pendent state cause of action is not permitted. The reasoning behind this interpretation is that section 633 refers to the jurisdiction of state agencies whose function it is to prevent employment discrimination. Section 633(a) provides that the jurisdiction of such a state agency is not affected by ADEA "except that upon commencement of action under [ADEA] such action shall supersede any state action." The Court reads the term "any state action" to mean action by a state agency or by a court reviewing the action of a state agency because the term is con-

---

**1.** Section 633(a) reads: "Nothing in this chapter shall affect the jurisdiction of any agency of any state performing like functions with regard to discriminatory employment practices on account of age except that upon commencement of action under this chapter such action shall supersede any state action."

tained in an exception to the general rule that the jurisdiction of state agencies remains unchanged. The Court concluded that "[i]n a state that has no agency with jurisdiction over age discrimination but that allows a private cause of action for age discrimination § 633(a) would not be applicable." *Id.*, at 224.

The court, in *Wagner v. Sperry Univac Div. of Sperry Rand Corp.*, 458 F.Supp. 505, 518–19 (E.D.Penn.1978), specifically rejected the rule set forth in *Pandis*, which precludes the litigation of state age discrimination claims in federal courts. The court found that the appropriate inquiry was that of *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) as to whether considerations of judicial economy, convenience and fairness to litigants militate in favor of exercising the discretionary pendent jurisdiction. The court, in *Sussman v. Vornado, Inc.*, 90 F.R.D. 680 (D.C.N.J.1981), adopts the view espoused in *Wagner* and utilizing the *Gibbs* rule, found that it would be in the best interest of justice to assume pendent jurisdiction over the state age discrimination claim.

We adopt the interpretation given by the court in *Shanahan, supra,* to section 633(a) of the ADEA and conclude that said section does not preclude the litigation of state age discrimination claim in federal court. *Accord, Simpson v. Alaska State Com'n for Human Rights,* 423 F.Supp. 552 (D.C.Alaska 1976). *Contra, Lettich v. Kenway,* 590 F.Supp. 1225 (D.C.Mass.1984) (ADEA appears to be an exclusive remedy).

■ Having reached the above conclusion we will now determine whether a federal court should exercise jurisdiction over a pendent state claim. In order to so determine the Court must apply a three-step analysis. First, using the test enunciated in *United Mine Workers v. Gibbs, supra,* it must be decided whether the assertion of pendent jurisdiction is constitutionally permissible. A federal court could constitutionally exercise jurisdiction over pendent state law claims only if: 1) the federal claim being asserted was substantial; 2)

the state and federal claims derived from a common nucleus of operative facts; and 3) the claims were such that plaintiff would ordinarily be expected to try them all in one judicial proceeding. 383 U.S. at 724, 86 S.Ct. at 1137. Second, the Court must look to the federal statute being asserted and "... determine whether Congress in [that statute] has ... expressly or by implication 'negated' the exercise of jurisdiction over the particular non-federal claim." *Owen Equipment and Erection Co. v. Kroger,* 437 U.S. 365, 373, 98 S.Ct. 2396, 2402, 57 L.Ed.2d 274 (1978); *Aldinger v. Howard,* 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976); *Zahn v. International Paper Co.,* 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973). If the statute evidences such an intent the Court may not exercise its discretion and assume pendent jurisdiction. Finally, if the Court determines that the exercise of pendent jurisdiction is not prohibited by the Constitution or federal statutory law, it must exercise its own discretion in deciding whether it will or will not assert jurisdiction over the pendent state claim. *Thibodeau v. Foremost Ins. Co.,* 605 F.Supp. 653, 661 (N.D.Ind.1985).

■ There is no dispute that the exercise of pendent jurisdiction over the state age discrimination claim is not barred under the *Gibbs* constitutional test. The age discrimination claim under the ADEA is a substantial federal claim and the same operative facts give rise to both the state age discrimination claim and the federal claim. Congress in ADEA has not expressly or by implication negated the exercise of jurisdiction over the pendent state claims. *Ritter v. Colorado Interstate Gas Co.,* 593 F.Supp. 1279 (D.C.Col.1984) (In *Ritter,* the court analyzed and compared ADEA to Title VII and concluded that although it contains remedial limitations like Title VII, to wit: compensatory or punitive damages are not recoverable, it does not contain the procedural limitations of Title VII. ADEA was amended in 1978 to guarantee trial by jury of any fact issue, 29 U.S.C. § 626(c)(2), and there is no provision for expedited ad-

judication nor for referral to a master as in Title VII.)

■ Even assuming that the Court has the power to hear the pendent state claims, it does not follow that they must be heard here because exercise of pendent jurisdiction is committed to the discretion of the district court.

■ In *United Mine Workers v. Gibbs, supra,* the Supreme Court identified a number of factors that counsel against the exercise of jurisdiction over pendent state claims. Discretion to dismiss state claims should be exercised: 1) when considerations of judicial economy, convenience and fairness to litigants are not present; 2) when a surerfooted reading of applicable state law can be obtained in a state court; 3) when state issues predominate in terms of proof, scope of issues raised, or comprehensiveness of remedies sought; and 4) when divergent state and federal claims and theories are likely to cause jury confusion. *Ritter v. Colorado Interstate Gas Co., supra.*

Once again, courts have split with regard to application of these factors when plaintiffs have asserted state claims pendent to ADEA claims. There is a line of cases that decline to exercise pendent jurisdiction over a state claim such as intentional infliction of emotional distress because "adjudication of such state claims would circumvent the scope of the remedies available under the federal cause of action, and subvert the policies of excluding damages for emotional distress under the ADEA." *See, e.g., Hannon v. Continental National Bank,* 427 F.Supp. 215, 218 (D.Colo.1977); *Shirley v. Brown and Williamson Tobacco Co.,* 608 F.Supp. 78 (D.C.Tenn.1984); *Deutsch v. Carl Zeiss, Inc.,* 529 F.Supp. 215 (S.D.N.Y. 1981); *Kempe v. Prince Gardner, Inc.,* 569 F.Supp. 779 (E.D.Mo.1983); *Douglas v. American Cyanamid Co.,* 472 F.Supp. 298 (D.Conn.1979) (allowing state defamation claim to proceed would avail the plaintiff of remedies to which he would not be entitled under the ADEA).

The ratio decidendi that led the courts to hold that they had no power to exercise jurisdiction over pendent state claims, that is, to uphold the federal policy limiting remedies, was specifically rejected in *Deen v. Great Atlantic & Pacific Tea Co., Inc.,* 608 F.Supp. 783 (D.C.N.C.1985). In *Deen,* the court followed the theory espoused in *Frykberg v. State Farm Mut. Auto. Ins. Co.,*[2] 557 F.Supp. 517, 519 (W.D.N.C.1983), where the court after distinguishing the doctrine of pendent jurisdiction with that of federal preemption concludes that "as long as other considerations of fairness and convenience weigh in favor of pendent jurisdiction, therefore, there is no reason why a federal court should refuse pendent jurisdiction simply because state law provides remedies above and beyond those provided Congress." 557 F.Supp. at 519, *quoting, Guyette v. Stauffer Chemical Co.,* 518 F.Supp. 521, 524–25 (D.N.J.1981). After weighing such factors as the predominance of the issues and adjudication of unsettled questions of state law, the Court concluded that the exercise of pendent jurisdiction was appropriate. *See also, Thibodeau v. Foremost Ins. Co., supra.*

■ Co-defendant David M. urges various reasons why the Court should refuse pendent jurisdiction of the Law 100 claim. Among the reasons alleged are: the different burdens of proof and jury confusion regarding the requirements of proof. In the very recent case of *Mark Wildman v. Lerner Stores Corporation,* 771 F.2d 605 (1st Cir.1985), defendants argued that because of the different burdens of proof under the ADEA and Law 100 the district court had abused its discretion in trying the federal and Puerto Rico claims together. The First Circuit Court of Appeals held that the district court did not abuse its discretion in trying the federal and Puerto Rico claims together because: 1) the liabili-

---

**2.** In *Frykberg* an identical argument as in *Deen* and the case at bar was raised, to wit: jurisdiction over pendent state claims for intentional infliction of emotional distress should be de- clined because relief sought would circumvent the limited scope of relief available under Title VII, 42 U.S.C. § 2000, et seq.

ty issue was the same under all claims, to wit: was the plaintiff discharged because of his age or for another reason; 2) the district court had carefully and correctly explained the burden of proof applicable to the statutes; and 3) written interrogatories were submitted to the jury for findings on each of the statutes. The First Circuit found that the instructions were sufficient to enable the jury to cope with the different burdens of proof and apply them correctly. Furthermore, the First Circuit reasoned that if the jury found a violation of the ADEA, violations of the Puerto Rico statutes would necessarily follow. This is due to the fact that under ADEA the burden of proof is at all times on the plaintiff, *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973); *Loeb v. Textron, Inc.*, 600 F.2d 1003, 1014 (1st Cir.1979), while under Law 100, the fact of discharge at age sixty-one would put the burden on the employer to prove that the discharge was not discriminatory. *Ibañez v. Molinos de Puerto Rico*, 83 JTS 30 (March 16, 1983).

▪ Another reason advanced by the co-defendant in order to refuse pendent jurisdiction over the state claim is that neither the Supreme Court of Puerto Rico nor the Legislature has made clear the extent of the remedies afforded by Law 100 and that therefore the district court should avoid needless decisions of state law. The Supreme Court in *Odriozola v. Superior Cosmetic Distributors Corporation*, 85 JTS 51 (June 28, 1985), has clarified to some extent the remedies afforded by Law 100. The Supreme Court held that future wages to retirement age [3] are available under Law 100. However, the Supreme Court did not rule on whether damages for emotional suffering was available under Law 100 because the trial court's determination that plaintiff had been made whole by the double damages awarded under the statute was not appealed.

In footnote 10, the Supreme Court stated: "Quaere if damages for emotional suffering due to a discriminatory discharge

from employment are recoverable under Law 100. They are not under the ADEA." (Our translation).

The First Circuit Court of Appeals in the *Mark Wildman* case, apparently not made aware by the appellant of the *Odriozola* case, adopted the opinion of the district court and ruled that Law 100 does not authorize damages for emotional suffering. In *Enrique Casanova v. Xerox Corporation*, Civil No. 83-0004, a previous case before this Court, we dismissed plaintiff's request under Law 100 for emotional damages allegedly caused by the discharge.

In *Gibbs*, the Supreme Court cautioned that "needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." 383 U.S. at 726, 86 S.Ct. at 1139.

In the case at bar judicial economy, convenience and fairness to litigants which might favor trial of the claims together does not outweigh the fears of possible intervention into an uncertain area of state law. Furthermore, dual concerns of federalism and that a surer-footed reading of the state law could be obtained in state court operate against the exercise of pendent jurisdiction over the state claim. *See, e.g., Borumka v. Rocky Mountain Hosp.*, 599 F.Supp. 857 (D.C.Col.1984); *Arnell v. Pan American World Airways, Inc.*, 611 F.Supp. 908 (S.D.N.Y.1985); *Zamore v. Dyer*, 597 F.Supp. 923 (D.C.Conn.1984).

In view of the above, the Court hereby REJECTS the Magistrate's Report and Recommendation and ORDERS that co-defendant's motion requesting partial dismissal of plaintiff's cause of action under Law 100 of June 30, 1959, as amended, 29 L.P.R.A., § 146, et seq., be and is hereby GRANTED; and

FURTHER ORDERS that the pendent state claim under Law 100 be and is hereby DISMISSED without prejudice.

IT IS SO ORDERED.

---

**3.** Retirement age is sixty-five. 29 L.P.R.A. § 151(1).