**Norma SWARD, Plaintiff,**

v.

**SAN JUAN PUERTO RICO CONVENTION BUREAU, INC., Defendant.**

**Civ. No. 87–0416 GG.**

United States District Court, D. Puerto Rico.

Nov. 3, 1987.

---

Nachman & Fernandez Sein, A. Santiago Villalonga, Santurce, P.R., for plaintiff.

Lespier, Muñoz Noya & Ramirez, Amelia Fortuño Ruiz, San Juan, P.R., for defendant.

## OPINION AND ORDER

GIERBOLINI, District Judge.

This is a suit brought by a former employee alleging that her dismissal was motivated by her age and sex in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.* and two Puerto Rico statutes: the Puerto Rico Anti–Discrimination Statute, P.R.Laws Ann. Tit. 29, § 146 (Law 100), and the Puerto Rico Severance Pay Statute, P.R. Laws Ann. Tit. 29 § 185a (Supp.1983) (Law 80). Jury trial was requested. Jurisdiction was invoked pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 626(c)(1), (2).

Now pending is defendant's motion to dismiss the pendent state law claims. No opposition has been filed. Essentially, defendant contends that allowing the state law claims to be litigated with the ADEA claim would cause jury confusion because of the different burdens of proof. Defendant also argues that the issue of entitlement to damages for mental anguish under Law 100 is still undecided and that we should avoid a decision on this issue as a matter of comity. Defendant further contends that the local claims might well become the predominant claims due to the extent of the monetary damages sought. We agree.

■ The doctrine of pendent jurisdiction authorizes a federal court to hear a claim that has no independent basis for federal jurisdiction if the claim derives from a "common nucleus of operative fact" with a federal claim that is substantively sufficient to confer subject matter jurisdiction on the court. *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). Nevertheless, the Court noted in *Gibbs* that even where the federal court has the power to entertain the pendent state claims, it is not required to do so: "[P]endent jurisdiction is a matter of discretion not of plaintiff's right." *Gibbs, supra,* 383 U.S. at 726, 86 S.Ct. at 1139; *L.A. Draper & Son v. Wheelabrator–Frye, Inc.,* 735 F.2d 414, 427 (11th Cir.1984). The doctrine's justification is based on considerations of judicial economy, convenience and fairness to litigants. Absent these factors, a federal court should hesitate to adjudicate the state claims. Furthermore, "needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *Gibbs, supra,* 383 U.S. at 726, 86 S.Ct. at 1139.

It would be especially inappropriate for a federal court to make "needless decisions of state law", when the court would not be interpreting or following established principles of state law, but rather would be required to resolve difficult questions not yet

addressed by the state courts. *Buethe v. Britt Airlines, Inc.*, 749 F.2d 1235 (7th Cir.1984). Additionally, there are other reasons independent of jurisdictional considerations, such as likelihood of jury confusion in treating divergent legal theories of relief which may justify separating state and federal claims for trial. *Gibbs, supra,* 383 U.S. at 727, 86 S.Ct. at 1139; (*also see Moor v. County of Alameda*, 411 U.S. 693, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973) where the Court upheld the district court's refusal to exercise pendent jurisdiction over petitioner's claims against the County in view of the unsettled questions of state law and the likelihood of jury confusion resulting from the special defenses available to the County under state tort law claims).

■ With these principles in mind, we proceed to analyze the federal and state law under which plaintiff alleges her causes of action arise. Under the ADEA, the burden of persuasion is always on the plaintiff, while the employer's burden is only one of production. Plaintiff must establish a prima facie case, and then, if an explanation for the discharge is adduced by the employer, must prove that the explanation was not the real motive for the discharge but a pretext for discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 804, 93 S.Ct. 1817, 1825, 36 L.Ed. 2d 668 (1973); *Wildman v. Lerner Stores Corp.*, 771 F.2d 605, 609 (1st Cir.1985), *Loeb v. Textron, Inc.*, 600 F.2d 1003, 1014 (1st Cir.1979).

Puerto Rico Law 100 creates a cause of action in favor of any person discharged or who is adversely affected in his or her employment for reasons of age, race, color, religious beliefs, origin or social position. Under Law 100, there is a presumption of discrimination in favor of plaintiff, when the acts complained of were done without just cause. *See* 29 L.P.R.A. § 148. Pursuant to Rule 14 of the Puerto Rico Rules of Evidence, the presumption established by Law 100 results in a total shifting of the burden of proof, including the burden of persuasion. Contrary to the prima facie case of discrimination standard under the doctrine of *McDonnell Douglas*, the effect of the presumption is to transfer to the defendant employer not only the burden of production of evidence, but also the burden of persuading the trier of facts. Likewise, under Puerto Rico Law 80, the defendant employer has at all times the burden of proof to establish that the termination was for just cause as defined in the act. 29 L.P.R.A. § 185(k); *Secretary of Labor v. I.T.T.*, 108 D.P.R. 536 (1979).

This difference in the burdens of proof between the ADEA and the local statutes—which involves a shifting of burdens—will in all probability cause confusion in the minds of the jurors and will hamper the correct application of these burdens. Moreover, the theories of recovery under the ADEA and the local statutes are different. Under the ADEA, if discrimination is proven, the employee is entitled to equitable relief as well as to the unpaid minimum wages or unpaid overtime compensation, and liquidated damages are available only if willful violation of the act is demonstrated. 29 U.S.C. § 626(b). Conversely, Law 100 provides for a general compensation plus liquidated damages in twice the amount of the original compensation without requiring a showing of willfulness. Likewise, the ADEA does not authorize damages for mental suffering. Under Law 100, it is still undecided whether a plaintiff is entitled to damages for mental suffering. Although the court in *Wildman, supra,* 771 F.2d at 617 remanded the case to the district court so that it could reconsider its ruling that damages for emotional suffering are not available under Puerto Rico law in light of *Odriozola v. Superior Cosmetic Distributors Corporation*, No. R–83–144 (Supreme Court of Puerto Rico, June 28, 1985), the *Odriozola* case did not resolve this issue which was only briefly mentioned in a footnote. Clearly, any decision as to this matter should be rendered by the Puerto Rico courts.

We are well aware that considerations of judicial economy and convenience weigh against the dismissal of the state law claims since the same witnesses would have to adduce virtually identical testimony in a duplicative state proceeding. *See Phillips v. Smalley Maintenance Services,*

*Inc.,* 711 F.2d 1524, 1531 (11th Cir.1983). However, the convenience and economy considerations cannot outweigh the undecided state law and likelihood of juror confusion factors which favor the dismissal of the state law claims so that they may be determined by the Puerto Rico courts. Further, it does not appear that any unfairness or hardship to plaintiff will result from the dismissal of the state claims, because the statute of limitations has not yet run and plaintiff can obtain a state forum for her claims.[1] *Cf. L.A. Draper & Son, supra,* 735 F.2d at 428–431.

Wherefore, in view of the foregoing, defendant's motion to dismiss the pendent state law claims is hereby GRANTED. The Clerk shall enter judgment accordingly. The proceedings will continue their normal course as to the remaining cause of action under the ADEA.

SO ORDERED.

---

1. Under Law 80 and Law 100, plaintiff has three years and one year, respectively, from the effective date of discharge to file suit. Since it appears from the complaint that plaintiff was discharged from her employment on November 30, 1986, the limitations period under either statute has not yet run.