Francisco Watlington
LINARES, Plaintiff,

v.

UNIVERSITY OF PUERTO RICO, RIO
PIEDRAS CAMPUS, Defendant.

Civ. No. 89–0022(JP).

United States District Court,
D. Puerto Rico.

Oct. 17, 1989.

José L. Rivero, Moreda & Moreda, San Juan, P.R., for plaintiff.

Rubén T. Nigaglioni, Ledesma, Palou & Miranda, Hato Rey, P.R., for defendant.

## OPINION AND ORDER

PIERAS, District Judge.

Francisco Watlington Linares ("Linares") brought this suit alleging that his temporary contract for teaching twelve credits was not renewed and his subsequent applications for several positions in the Geography Department of the University of Puerto Rico ("UPR") were rejected because of his age, all in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.* and the Puerto Rico Anti–Discrimination Statute, P.R.Law Ann. Tit. 29, § 146 (Law 100). Jury trial was requested. Jurisdiction was invoked pursuant to 28 U.S.C. § 1331.

The Court has before it defendant's motion to dismiss the pendent state law claim, and plaintiff has filed an opposition thereto. Defendant UPR urges the Court to exercise its discretion and dismiss the non-federal claim, contending that litigating the state law claim together with the ADEA claim would confuse the jury because of the different burdens of proof required by each statute. Defendant further argues

that the Puerto Rican law establishes tort claims for relief which were not intended under the ADEA and which would require a different showing of proof. Finally, defendant contends that a plaintiff would not ordinarily be expected to try an ADEA claim and tort claim together in one judicial proceeding.

Plaintiff counters that the jury would not be confused. Moreover, although the burdens of proof under both laws have been labeled as different, they are similar. Also, the same evidence would be used in both cases, and the Law 100 remedy would merely supplement the remedies available under the ADEA, thereby furthering the congressional purpose of prohibiting discrimination in employment based on age. Plaintiff finally argues that in the interests of fairness and judicial economy, the Court should exercise pendent jurisdiction.

We agree with the defendant and dismiss the state law claim.

■ The doctrine of pendent jurisdiction permits a federal court to hear a claim having no independent basis for federal jurisdiction when a federal claim has sufficient substance to confer subject matter jurisdiction, and the federal claim and the non-federal claim derive from a "common nucleus of operative facts." *Carnegie–Mellon University v. Cohill*, 484 U.S. 343, ——, 108 S.Ct. 614, 618, 98 L.Ed.2d 720, 729 (1988); *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). If considered without regard to the federal or state nature of the claim, plaintiff's claims are such that he would ordinarily expect them to be tried in one judicial proceeding, the federal court has power to hear both claims, assuming the sufficiency of the federal issue. *Carnegie–Mellon University*, 484 U.S. at ——, 108 S.Ct. at 618, 98 L.Ed.2d at 729; *Phillips v. Smalley Maintenance Services, Inc.*, 711 F.2d 1524, 1531 (11th Cir.1980).

■ Once it determines it can exercise pendent jurisdiction, a federal court is not required to exercise such jurisdiction. The doctrine is one of judicial discretion, not of plaintiff's right. *Gibbs*, 383 U.S. at 726, 86 S.Ct. at 1139; *L.A. Draper & Son v. Wheelabrator–Frye, Inc.*, 735 F.2d 414, 427 (11th Cir.1984). When determining whether to exercise pendent jurisdiction, a court must consider several factors. First, the court must decide whether considerations of fairness, judicial economy, and convenience weigh in favor of exercising jurisdiction. *Gibbs*, 383 U.S. at 726, 86 S.Ct. at 1139. The Court should not needlessly decide matters of state law. *Id.* If state law issues predominate, "whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the non-federal claim may be dismissed without prejudice and left for resolution in the state law tribunal." *Id.*

■ In the instant case, the plaintiff's age discrimination complaint based on the ADEA is a substantial federal claim, and the same operative facts derive from both the non-federal and federal claims. Both claims allege that age was the determinative factor in defendant's refusal to offer plaintiff a twelve-credit contract and to hire plaintiff for the available positions within UPR's Geography Department. All claims arise out of the same allegedly discriminatory actions of the defendant, and the plaintiff would ordinarily expect to litigate these claims together in one judicial proceeding. *See, e.g., Marquez Velez v. David M. Puerto Rico Graphic Supplies, Inc.*, 622 F.Supp. 568, 571 (D.P.R.1985). Thus, the Court can properly exercise pendent jurisdiction and must now decide whether to exercise this power.

Defendant argues that the Court should dismiss the state law claim because the different burdens of proof under each statute would confuse the jury. This question of jury confusion has been answered by the First Circuit in *Wildman v. Lerner Stores Corp.*, 771 F.2d 605 (1st Cir.1985). In that case, the Court explained that the burden of proof under the ADEA is at all times on the plaintiff. *Id.* at 609. The plaintiff must establish a prima facie case and then, if the employer offers an explanation for the allegedly discriminatory action, the plaintiff must prove that the explanation was not the real reason for the refusal to

hire, but was merely a pretext for discrimination. *Id.* (citing *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 804, 93 S.Ct. 1817, 1825, 36 L.Ed.2d 668 (1973)). Under the Puerto Rico Anti–Discrimination Statute, the fact of the refusal to hire a person in the protected age group places the burden on the employer to prove that the failure to hire was not discriminatory. *Wildman,* 771 F.2d at 609. In *Wildman,* proper instructions to the jury explaining the burden of proof applicable to each statute allowed the jury to properly apply them.

However, another factor the Court must consider in determining whether to exercise its discretion to hear a pendent non-federal claim is whether the state law issues predominate, in terms of proof, the scope of the issues raised, or the *comprehensiveness of the remedies sought. Gibbs,* 383 U.S. at 725, 86 S.Ct. at 1138. In this case, the non-federal law, Law 100, permits a plaintiff to recover damages *including* mental anguish and suffering, in those cases where they are duly established. *Garcia Pagan v. Shiley Caribbean,* 88 J.T.S. 101, RE 86–206 Of. Tr. 17 (June 30, 1988). Recovery for such types of damages are not permitted under ADEA. *Haskell v. Kaman Corp.,* 743 F.2d 113, 120–21 n. 2 (2d Cir.1984); *Vazquez v. Eastern Airlines, Inc.,* 579 F.2d 107, 112 (1st. Cir. 1978). In his Law 100 claim, Linares is seeking damages for mental suffering and humiliation in the sum of $100,000.00 in addition to loss of income and benefits. Because plaintiff's claim under the ADEA only seeks reinstatement and backpay in the amount of $36,000.00, the state claim might easily become the predominant claim in the case given the extent of monetary damages sought. In light of the scope of the comprehensiveness of the remedies sought by Linares under his non-federal claim, this Court exercises its discretion in dismissing the non-federal pendent claim without prejudice.

The Court recognizes that the considerations of fairness and judicial economy weigh against the dismissal of the pendent claim since the dismissal could result in a virtually duplicative state proceeding.

*Sward v. San Juan Convention Bureau,* 679 F.Supp. 148, 151 (D.P.R.1987). However, these considerations do not outweigh the dominating effect the state law claim would have over the federal claim.

Wherefore, in view of the foregoing, defendant's motion to dismiss the pendent state law claim is hereby GRANTED. The clerk shall enter judgment accordingly. The proceedings will continue as to the remaining cause of action under the ADEA.

IT IS SO ORDERED.