Maria De Lourdes CARMONA PACHECO, on her own behalf and that of the Estate of Ramon L. Carrasquillo Rodriguez, and her minor child Lizbeth Carrasquillo Carmona, Plaintiffs,

v.

Ismael BETANCOURT Y LEBRON, Chief of Police; Lt. Domingo Leon; Sgt. Pedro Flores, Sgt. Llanos; Pol. Angel Castro Rivera, and Manuel De Jesus, Defendants.

Civ. No. 92–1608.

United States District Court, D. Puerto Rico.

May 5, 1993.

Howard Charles, Ortiz–Toro & Ortiz–Brunet, San Juan, PR, for plaintiffs.

Sylvia Roger–Stefani, Atty. Federal Litigation Div., Dept. of Justice, Com. of Puerto Rico, Pedro R. Pierluisi, Acting Secretary of Justice, for defendants.

### OPINION AND ORDER

FUSTE, District Judge.

This is an action under 42 U.S.C. § 1983 for damages as a result of the shooting death of a young man by a police officer. First, we note for the record that the claims against the following defendants have been voluntarily dismissed by plaintiffs: Carlos López Feliciano, Felipe Aponte Ortiz, and Aida M. Vélez. *See Docket Document Nos. 47 & 63.* The remaining defendants, Superintendent Ismael Betancourt y Lebrón, Pedro Flores, Manuel de Jesús, Domingo de León, John Doe, and Angel Castro–Rivera, have come forward with a variety of motions. They move to dismiss the actions of the decedent's parents and siblings for failure to state a cause of action. *See Docket Document No. 66.* They move to dismiss the action against John Doe under Fed.R.Civ.P. 4(j). *See Docket Document No. 59.* And they move for dismissal of the pendent state claims. *See Docket Document Nos. 57 & 65.*

### I.

### *Discussion*

#### A. *Actions by Decedent's Parents and Siblings*

■ Defendants have moved to dismiss the actions of the decedent's parents, Ramón Carrasquillo Castro and Francisca Rodríguez Carrasquillo, and his siblings, Walleska, Wanda, Amarilys, Ramón Luis, and José Juan Carrasquillo Rodríguez, and Angel Castro Rodríguez, under section 1983, for failure to state a claim. To maintain an action under section 1983, claimants must allege that their personal constitutional rights have been violated in some manner. The only right which a family member might assert in a situation such as this one is that of the right to familial associational privacy, which is a liberty interest protected under the substantive due process clause of the fourteenth amendment. The First Circuit has clearly found that only state action which would violate this right is an action aimed directly at the parent-child relationship. *Valdivieso Ortiz v. Burgos,* 807 F.2d 6, 8 (1st Cir.1986) (court found no violation where decedent had been unlawfully killed by the police).

"State action that affects the parental relationship only incidentally, however, even though the deprivation may be permanent, as in the case of unlawful killing by the police, is not sufficient to establish a violation of an identified liberty interest." *Pittsley v. Warish,* 927 F.2d 3 (1st Cir.1991) (citing *Valdivieso Ortiz,* 807 F.2d at 8). Therefore, the parents of the decedent in this situation, where the state action in question was clearly aimed solely at the decedent, may not recover under section 1983. Nor do siblings have any cognizable liberty interest for which they may recover under section 1983. *Valdivieso Ortiz,* 807 F.2d at 10. This does not mean, however, that under the state claims which they have asserted, the decedent's parents and siblings have no cause of action. However, if the federal cause of action fails, the court has the discretion of dismissing the state law cause of action without prejudice.

#### B. *Fed.R.Civ.P. 4(j)*

■ Defendants are moving to dismiss plaintiffs' action against the unnamed defendant John Doe for failure to serve summons within the time required under Fed.R.Civ.P. 4(j). "[T]he evident purpose of Rule 4(j) [is] to compel parties and their counsel to be diligent in prosecuting causes of action." *United States v. Ayer,* 857 F.2d 881, 884 (1st Cir.1988). While the unnamed defendant is by definition unable to move for the dismissal of a case against him, the court does have the power to dismiss *sua sponte.* In this case, the complaint was filed on May 4, 1992, much more than 120 days ago. Fed.R.Civ.P. 15(c)(3) allows the amendment of a pleading to name an unnamed party to relate back to the date of the original pleading, but only if it is "within the period provided by Rule 4(j) for service of the summons and complaint." The structure of Rule 15(c) makes clear that the federal rules contemplated the dismissal of an action against an unnamed party under Rule 4(j).

## C. Pendent State Claims

The doctrine of pendent jurisdiction authorizes a federal court to hear a claim over which there is no independent basis for federal jurisdiction. Where there is a "common nucleus of operative fact" with a substantive federal claim, the court may exercise its discretionary jurisdiction provided it balances the different repercussions of accepting such jurisdiction. *United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). The factors to be considered are the following: (1) whether considerations of judicial economy, convenience and fairness to the litigants are present; (2) whether the state law issues are clearly resolved on the state level; (3) whether state issues predominate in terms of proof, scope of issues or comprehensiveness of remedies; and (4) whether the divergence of state and federal issues is likely to create jury confusion. *Gibbs*, 383 U.S. at 726–27, 86 S.Ct. at 1139. The first factor is extremely important. In almost every case where factual issues predominate, efficiency would dictate that the state claims be tried together with the federal claims. In this case, the facts lie at the center of the plaintiffs' claim. The second factor is irrelevant here, where neither party has raised any question of unresolved state law issues.

Defendants assert that the difference between the standard of liability for the state law claims under 31 L.P.R.A. § 5141 and the standard of liability for the federal claims under 42 U.S.C. § 1983 are close enough that the jury will be confused. The Puerto Rico negligence statute bases liability upon a standard definition of negligence. Under section 1983, however, at least for supervisory liability, the plaintiffs must show "reckless and callous indifference." *Germany v. Vance*, 868 F.2d 9, 17–18 (1st Cir.1989). Other courts in this district have declined to entertain pendent state law claims where the state issues predominate in terms of proof and comprehensiveness of remedies, thus increasing the possibility of jury confusion. *Linares v. University of Puerto Rico*, 722 F.Supp. 910, 912 (D.P.R.1989) (different burden of proof and remedy incline court not to exercise discretion); *Sward v. San Juan Puerto Rico Convention Bureau, Inc.*, 679 F.Supp. 148 (D.P.R.1987). Those cases differ from our case in that they involved two significant differences between the state and the federal claims: Different remedies and different burdens of proof. Also, the First Circuit has found that it is not an abuse of a judge's discretion to try two issues in which the burden of proof is so completely different as in the case of Title VII or ADEA and Puerto Rico employment discrimination law. *Wildman v. Lerner Stores Corp.*, 771 F.2d 605 (1st Cir.1985). We find that the issue of the different standards of liability can be dealt with in the judge's instructions to the jury and need not lead to confusion. Concerns of judicial efficiency clearly dominate, and we elect to keep these claims on behalf of the remaining plaintiffs, at least for the time being.

## II.

### Conclusion

We **DISMISS** the 42 U.S.C. § 1983 cause of action of plaintiffs Ramón Carrasquillo Castro, Francisca Rodríguez Carrasquillo, Walleska, Wanda, Amarilys, Ramón Luis, and José Juan Carrasquillo Rodríguez, and Angel Castro Rodríguez. In turn, we DISMISS WITHOUT **PREJUDICE** of state court litigation these plaintiffs' causes of action under local law. The only remaining plaintiffs are María de Lourdes Carmona Pacheco, on her own behalf and on behalf of her child Lizbeth Carrasquillo Carmona. This includes any cause of action surviving on behalf of the Estate of Ramón L. Carrasquillo Rodríguez. We also **DISMISS** the cause of action against fictitious defendant John Doe, **WITHOUT PREJUDICE.** Lastly, and without prejudice of the pending motion for summary judgment, the court will keep the state law causes of action in favor of those remaining plaintiffs who retain their federal 42 U.S.C. § 1983 cause of action.

One final matter must be addressed. A Proposed Pretrial Order appears on file since February 3, 1993. The Pretrial Conference was scheduled to be held on May 5, 1993. The defendants, disregarding our last, February 5, 1993, scheduling disposition, Docket Document No. 61, filed a motion for sum-

mary judgment after the set deadline of March 30, 1993. *See* Motion for Summary Judgment, filed April 6, 1993, Docket Document No. 70. Plaintiffs, also disregarding the spirit of the February 5, 1993 scheduling order, has not filed a response. However, on April 21, 1993, they request an extension up to and including May 22, 1993 to respond to the motion for summary judgment. *See* Motion Requesting Extension, Docket Document No. 71. While disapproving of these late filings, in the interest of justice, we now **vacate** the May 5, 1993 pretrial conference and grant the plaintiffs until May 22, 1993 to file an opposition. **No extensions will be entertained.** The Clerk will bring this file for follow-up on May 22, 1993. The parties should expect a prompt ruling on the dispositive motion and a prompt trial on any surviving cause of action. We reserve the right to look at the final configuration of parties and evaluate once again the advisability of retaining state claims.

Any violations to the spirit of this last scheduling attempt, Fed.R.Civ.P. 16, will not be kindly looked upon. This order disposes of *Docket Document Nos. 57, 59, 65 & 66.*

**IT IS SO ORDERED.**